Janice BUTLER, Plaintiff,

v.

**BURROUGHS WELLCOME, INC., Defendant.**

**No. 4:95–CV–60–BO(2).**

United States District Court, E.D. North Carolina, Eastern Division.

Feb. 13, 1996.

Ralph T. Bryant, Jr., Morehead City, NC, for plaintiff.

Robert E. Fields, III, Susan D. Crooks, Womble, Carlyle, Sandridge & Rice, Raleigh, NC, for defendant.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter comes before the Court on plaintiff's motion for a protective order, and defendant's motion to compel discovery and for sanctions.

\* \* \* \* \* \*

This action was brought on June 2, 1995, alleging that defendant failed to reasonably accommodate plaintiff's psychiatric disorder in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Almost a year earlier, on August 17, 1994, plaintiff brought an action in state court alleging the same facts underlying this case constituted tortious infliction of emotional distress. The state case was voluntarily dismissed by plaintiff on August 8, 1995, twenty days before a scheduled hearing on defen-

dant's motion to dismiss and motion for discovery compulsions and sanctions. Plaintiff's resistance to discovery has been manifested throughout both the state and the instant federal cases.

Plaintiff alleges that she suffered from a variety of psychiatric and physical conditions between August, 1988, and the time of her termination in January, 1995 for excessive absenteeism. Among other problems, plaintiff was diagnosed with post traumatic stress disorder and severe depression, which led her to have problems in dealing with men. Plaintiff claims a history, since childhood, of physical and sexual abuse by relatives and others to whom she was close. In the course of discovery during the state action, plaintiff revealed she had suffered from a long litany of experiences during the relevant time period, which are set forth in paragraph 17 of defendant's motion and include: her neighbor's killing of her dog, her engagement to someone else while she was married and subsequent discovery that her fiance 'was running around,' rape by her fiance, accusations by one of her ex-husbands that she shot and poisoned him, her child's removal by Social Services on the child's accusation that plaintiff's boyfriend had molested her, an accusation by her boyfriend's child's mother that plaintiff sexually abused the child, a dispute with a local Sheriff, and so on. The "reasonable accommodation" demanded of the defendant through plaintiff's psychiatrist was that plaintiff be given a "reasonable supervisor," the exact meaning of which is unclear.

Although the action is based on the ADA, plaintiff has resisted disclosing her medical records. She has provided incomplete and illegible records, refused to supply defendant with the proper authorizations and release forms, and provided erroneous addresses from which defendant's subpoenas have returned undeliverable, among other things. During plaintiff's deposition, counsel objected to a question relating to plaintiff's sex life during the relevant period in question. It should be noted that this question followed an indication by plaintiff that she did not wish to discuss any aspect of her marriage to the husband in question. Plaintiff claims this

line of questioning is conducted in bad faith, with the intent to annoy, embarrass, and oppress the plaintiff; and is also irrelevant to the issues being litigated. The deposition therefore ended pending the filing of and decision upon the instant motions. Defendant has requested that plaintiff submit once again to a deposition.

\*    \*    \*    \*    \*    \*

■ In an action under the ADA, a plaintiff's medical history is relevant in its entirety. It is impossible to answer the most basic questions, such as whether the plaintiff was generally foreclosed from similar employment by reason of a major life activity impairment, or otherwise qualified given a reasonable accommodation, or what a reasonable accommodation would have been, without full and complete access to the plaintiff's medical records. And since a defendant is entitled to defend the ADA action by claiming that plaintiff's inability to work without accommodation is the result of something other than the claimed disability, discovery along such lines must also be permitted.

■ Elements of a claim under the ADA touch upon the most private and intimate details of a plaintiff's life. ADA plaintiffs, like plaintiffs in an action for medical malpractice, waive all privileges and privacy interests related to their claim by virtue of filing the complaint. Plaintiff cannot make an issue of her mental state, build a case upon psychiatric evidence relating to a history of sexual abuse and a dysfunctional attitude toward members of the opposite sex, and then claim she is too embarrassed to answer defendant's questions relating to these topics. Defendant's discovery requests, including the questioning in deposition, are not merely highly relevant. They are *entirely* relevant, and may not be resisted if the case is to proceed.

\*    \*    \*    \*    \*    \*

Plaintiff's motion is DENIED, and her objections to defendant's requests for discovery are all OVERRULED. Defendant's motion to compel is GRANTED. Plaintiff is ORDERED to comply with defendant's outstanding requests for discovery, including submission to further deposition and to respond to defendant's requests for discovery as they are made. Plaintiff shall also make all of her experts available for deposition. The Court will not consider the testimony of any expert who was not made available for deposition by the opposing party. The time for completing discovery in this matter is extended by sixty (60) days.

Since plaintiff resisted discovery without legitimate grounds, defendant's motion for costs and attorney fees is also GRANTED. Defendant shall submit a statement of its costs so that a proper judgment may be entered.

SO ORDERED.